IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUBEN VARGAS LOARCA, | | |
| Petitioner, | | **4:26CV3054** |
| vs. | | |
| | | **ORDER TO SHOW CAUSE** |
| PAMELA BONDI, in their official capacity as Attorney General of the United States; KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; ALLEN GILL, in their official capacity as Field Office Director of Omaha office of United States Immigration and Customs Enforcement; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; ROB JEFFERYS, in their official capacity as the Director of Nebraska Department of Correctional Services; DONALD J. TRUMP, in their official capacity as President of the United States; and PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; | | |
| Respondents. | | |

This matter is before the Court on Petitioner Ruben Vargas Loarca's (Vargas Loarca) petition for a writ of habeas corpus (Filing No. 1) and motion for an order to show cause (Filing No. 2).

Vargas Loarca is a Guatemalan national who entered the United States in 2003. (Filing No. 1 at 4). In January 2026, he was detained by U.S. Immigration and Customs Enforcement (ICE)

following a traffic stop in Omaha, Nebraska. (Filing No. 1 at 6). ICE also initiated removal proceedings against him. (Filing No. 1 at 4). An immigration judge denied Vargas Loarca's request to be released on bond during the pendency of those proceedings "due to lack of jurisdiction." (Filing No. 1 at 7).[1] Vargas Loarca remains in custody at the McCook Detention Center in McCook, Nebraska. (Filing No. 1 at 2).

Vargas Loarca alleges his detention is unlawful on constitutional and statutory grounds. He seeks, among other relief, a writ of habeas corpus ordering his "immediate[ ] release[.]" (Filing No. 1 at 17). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Vargas Loarca] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Vargas Loarca]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Vargas Loarca's] detention." *Id.*

The Court cannot say from the face of the petition that Vargas Loarca is not entitled to relief. Accordingly, the Court orders Vargas Loarca to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Vargas Loarca replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Vargas Loarca may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

---

[1] In his petition, Vargas Loarca indicates that the immigration judge's decision on bond is attached as "Exh[ibit] 1." (Filing No. 1 at 7). But there is no Exhibit 1 attached to the petition or elsewhere on the docket.

**IT IS ORDERED:**

1. Petitioner Ruben Vargas Loarca's motion for an order to show cause (Filing No. 2) is granted.

2. Petitioner shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

3. Respondents shall, within three business days of being served, make a return certifying the true cause of the petitioner's detention and showing cause why the writ should not be granted.

4. Petitioner shall reply in support of his petition within three business days of the Respondents' return.

5. The Court will then set a prompt hearing on this matter.

6. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 18th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge